Filed 2/4/26  Hernandez v. Kocsis CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| MARCO HERNANDEZ et al., | |
| Plaintiffs, Cross-defendants and Appellants, | G064238 |
| v. | (Super. Ct. No. 30-2020-01156762) |
| SUSAN DOROTHY KOCSIS, | O P I N I O N |
| Defendant, Cross-complainant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila Recio, Judge. Reversed and remanded with instructions.

Avant Law Corporation and Michael Kim; Gregory M. Garrison; Papaefthimiou and Alexander E. Papaefthimiou for Plaintiffs, Cross-defendants and Appellants.

Cazzell Law and Maryann Cazzell for Defendant, Cross-complainant and Respondent.

\* \* \*

Plaintiffs Marco Hernandez and Rosie Hernandez Moreno (Plaintiffs) successfully sued their landlord, Susan Dorothy Kocsis, for negligence and premises liability after a fire burned down their apartment. They also prevailed on a cross-complaint filed against them by Kocsis, which included a cause of action for breach of a written lease. Kocsis appealed from that judgment, and in a separate opinion filed concurrently with this opinion (*Hernandez et al. v. Kocsis* (Feb. 3, 2026, G063508) [nonpub. opn.]), we affirm the judgment.

After prevailing at trial, Plaintiffs moved for an award of attorney fees pursuant to Civil Code section 1717 (section 1717). The trial court denied the motion, reasoning that the "crux" of the action was a tort claim, not one "on a contract," and that Plaintiffs had failed to prove a written contract with an attorney fee provision existed. Plaintiffs appealed from the order denying their motion for attorney fees.

The trial court erred. Kocsis's cross-complaint expressly included a cause of action for breach of contract, and she sought to recover attorney fees on that claim. Had Kocsis prevailed on her contract claim, she would have been entitled to fees under the provision she sought to prove at trial. Plaintiffs, having prevailed by demonstrating that the written contract was inapplicable and their tenancy was governed by an oral lease, are entitled to *their* fees under the reciprocity principles of section 1717. Accordingly, we reverse the postjudgment order and remand for the trial court to determine the reasonable amount of fees.

FACTUAL AND PROCEDURAL BACKGROUND[1]

In 2019, a fire at their apartment forced Plaintiffs to escape from a second-story window, causing injuries. They sued Kocsis, the property owner, for negligence and premises liability.

Kocsis filed a cross-complaint alleging five causes of action, including indemnification, negligence, and, pivotally, breach of contract. The breach of contract claim alleged Plaintiffs violated a written lease agreement from "appx. 1990" by, among other things, allowing Moreno's adult son, Andrew "Junior" Calderon, to reside at the property without written permission and by "failing to keep the premises safe" by allowing Junior to smoke on the premises. Kocsis alleged this breach of contract was the cause of the fire and her resulting damages. Pursuant to her breach of contract cause of action, Kocsis prayed for attorney fees.

The action proceeded to a bench trial. Because Kocsis could not produce the "appx. 1990" written lease, she attempted to prove its terms through secondary evidence. Specifically, she offered a 1991 signed lease with a different tenant and a blank form lease from the same era as evidence of the terms of her agreement with Plaintiffs. Both of these proffered leases contained an identical, non-reciprocal attorney fee provision in favor of "Lessor" (Kocsis) for any action to "enforce any of Lessor's rights."

The trial court found in favor of Plaintiffs on all claims. In its statement of decision, the court found that "Kocsis failed to meet her burden of proof on any of the causes of action asserted in the Cross-Complaint." The

---

[1] This statement of facts is limited to the facts relevant to the attorney fee motion. For a more complete account of the underlying facts, see our concurrently filed, nonpublished opinion, *Hernandez et al. v. Kocsis*, (Feb. 3, 2026, G063508.)

court specifically found that the parties' written lease had been "terminated" in early 1996, and thereafter Plaintiffs "transitioned to an oral month-to-month lease" for the subject apartment.

As the prevailing parties, Plaintiffs moved for $158,680 in attorney fees pursuant to section 1717. They argued that because Kocsis had sued them on a contract containing a fee provision, they were entitled to their fees for successfully defeating that claim.

The trial court denied the motion. In its minute order, the court found that the "crux of the claims asserted in the Cross-Complaint was not 'on the lease.'" It also found Plaintiffs had failed to meet their burden because they "did not submit any evidence that there is a written contract between Plaintiffs and Defendant which includes a prevailing party clause in the contract."

Plaintiffs timely appealed the denial of their motion for attorney fees.

DISCUSSION

The legal basis for an award of attorney fees is a question of law, which we review de novo. (*G. Voskanian Construction, Inc. v. Alhambra Unified School Dist.* (2012) 204 Cal.App.4th 981, 995.)

Section 1717, subdivision (a), provides in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees . . . ."

4

The "primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610.) To effectuate this purpose, the Supreme Court has made clear that the statute entitles a party to attorney fees "'even when the party prevails on grounds the contract is inapplicable, invalid, unenforceable or nonexistent,'" as long as the opposing party would have been entitled to fees had it prevailed. (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 870 (*Hsu*).)

Applying this standard, Plaintiffs were entitled to their fees as a matter of law.

First, this was unquestionably an "action on a contract." The term "action on a contract" is to be construed liberally. (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 894.) Kocsis's cross-complaint did not merely allude to a contract; it asserted an explicit cause of action for breach of contract. Moreover, her other claims, such as negligence, were factually intertwined with and predicated on alleged duties arising from the lease—namely, the purported duty to not allow "Junior" to live on the premises without the landlord's consent and without paying an additional $50 per month. The trial court's finding that the "crux" of the action was tort is not the correct standard. "'As long as the action "involve[s]" a contract it is "'on [the] contract'" within the meaning of [s]ection 1717.'" (*Ibid*.) This case clearly *involved* a contract.

Second, Plaintiffs were indisputably the prevailing party. The court entered judgment for Plaintiffs on all claims in their complaint and found that Kocsis "failed to meet her burden of proof on any of the causes of action asserted in the Cross-Complaint."

5

Third, Kocsis *would have* been entitled to her fees had she prevailed on her contract claim. This is the central point the trial court misunderstood. Kocsis's entire theory on her cross-complaint was that the original written lease (which she attempted to prove via secondary evidence) was still in effect. Those proffered leases contained a one-way attorney fee provision in her favor. Had the court agreed with Kocsis—finding the written lease governed and that Plaintiffs breached it—it would have enforced the fee provision as part of the contract and awarded Kocsis her fees.

The trial court denied Plaintiffs' motion because they "did not submit any evidence that there is a written contract." This reasoning turns section 1717 on its head. Plaintiffs prevailed by proving the contract Kocsis sued on was *inapplicable* (i.e., it had been terminated and replaced by an oral lease). To deny them fees for successfully proving this would defeat the reciprocity established by section 1717. (*Hsu, supra*, 9 Cal.4th at p. 870.)

Kocsis's arguments to the contrary are unavailing. She argues in her brief that the contract claim was "merely derivative" and that Plaintiffs are equitably estopped from claiming fees under a contract they argued was inapplicable. The *Santisas* and *Hsu* line of cases exists precisely to defeat this "estoppel" argument. A defendant does not forfeit the right to reciprocal fees simply by successfully arguing the contract does not apply.

Kocsis also suggests the statute of frauds would have barred her own claim for fees, so mutuality does not apply. This, too, misses the point. The statute of frauds is merely one basis upon which a contract may be deemed unenforceable. A defendant who prevails by asserting the statute of frauds is still a prevailing party on the contract claim and is entitled to fees under section 1717 so long as the plaintiff would have been entitled to fees had the statute of frauds *not* applied.

6

Because Plaintiffs prevailed in an "action on a contract" that would have provided fees to Kocsis had she prevailed, Plaintiffs are entitled to their fees under section 1717. The court erred as a matter of law by denying the motion.

Although Plaintiffs have briefed the issues of whether they should be required to apportion their fees and the reasonableness of their fees, we declined to address them. Those matters are discretionary and thus the trial court must decide them in the first instance. Accordingly, we remand the matter for the trial court to exercise its discretion in calculating a reasonable fee award.

## DISPOSITION

The postjudgment order denying Plaintiffs' motion for attorney fees is reversed. The matter is remanded to the trial court with directions to grant the motion for attorney fees and to conduct further proceedings to determine the reasonable amount of fees to be awarded to Plaintiffs. Plaintiffs shall recover their costs on appeal.


SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.

7